Nash, J.
The objection of the defendants was, that the record did not aver in hcec vería, that a majority of the acting Justices were present, making the assessment, but it no where appears in the record that there were any more Justices in the county. For ought that appeared, those twenty-two, who were present, did constitute a majority of the whole body of the magistracy of the county. Every ease, which has been before this Court, on the delivery of the official bonds of sheriffs and constables, and when it has been held, there was no delivery for the want of a Court, properly constituted to receive it, has been a case in which the Legislature has itself designated the precise number of magistrates, which shall constitute a Court for that purpose, and the records have shown that there were not that number. Thus in the several cases of the State against Wall, 2 Ired. 273, the records shew that a less number of magistrates were pn the bench, where the action of the Court complained .of took place, than was by law required. In Dudley v. Oliver, 5 Ired. 227, the requisite number of Justices was not named as being present, and at the same time it appeared that there were others. In the case now before us, the law does not point out the precise number of magistrates, necessary to be on the bench, when the taxes are laid, but leaves that to be ascertained by the number of acting Justices in the county. There is nothing in the record, as it appears before us, to shew, that there were any other magistrates in the county of Moore, than those enumerated, and, of course, there was a majority present.
There were several other points taken by the defendants, on which the opinion of the Court was in favour *70 of the plaintiff: and therefore we ean take no notice of them.
We are of opinion there was error in the judgment below, and it must be reversed and a venire de novo awarded.
Pee Cukiam. Judgment reversed.